# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 13-CR-03103-04-SRB |
| JORGE TORRES, JR., | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant Jorge Torres, Jr.'s *pro se* Motion for Compassionate Release. (Doc. #200.) For the reasons stated below, the motion is DENIED.

In 2015, Defendant Torres pled guilty to conspiracy to distribute over 1000 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii). (Doc. #115.) This Court subsequently sentenced Defendant Torres to an eighty-four-month term of imprisonment, to be followed by a five-year term of supervised release. (Doc. #163.) Defendant Torres was released to a residential correctional and reentry facility (i.e., a "halfway house") in April 2020, but after accruing several incident reports, he was returned to custody and is currently incarcerated at the Greene County Jail in Springfield, Missouri. His current projected release date is December 21, 2021.

On September 16, 2020, Defendant Torres filed the instant *pro se* motion for compassionate release, stating the threat of infection posed by a recent COVID-19 outbreak at the Greene County Jail, combined with his asthma diagnosis, constitutes an extraordinary and compelling reason to grant his early release.[1] The Government opposes the instant motion, stating

---

[1] In his instant motion, Defendant Torres additionally states that he plans to contest some of the Bureau of Prison's ("BOP") disciplinary findings against him but lacks access to the forms necessary to pursue his

that Defendant Torres fails to demonstrate any extraordinary or compelling reason to justify a reduction of his sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020). The Government acknowledges that Defendant Torres requested compassionate

---

administrative remedies. Defendant Torres raised these same requests in a separate *pro se* motion filed on September 25, 2020 (Doc. #202), which this Court addressed and resolved in a subsequent Order. (Doc. #203.) In turn, those issues are not revisited here.

release from the BOP prior to seeking relief directly from the Court, but contends thirty days have not yet passed since Defendant Torres submitted that request, making his instant motion premature.

Even if Defendant Torres has satisfied his administrative remedies, upon review of the record the Court finds no circumstances warranting a reduction of his sentence. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant Torres's age (42) and apparent health conditions do not rise to the level of concern that warrants compassionate release. In sum, Defendant Torres has not satisfied his burden under 18 U.S.C. § 3582(c) and his motion for compassionate release is thus denied.

Accordingly, it is hereby **ORDERED** that Defendant Torres's *pro se* Motion for Compassionate Release (Doc. #200) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2020